IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RICKY L. HAVARD, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| DYNAMIC DOWNHOLE SERVICES, LLC | § § § | |
| Defendant. | § § § § § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff RICKY L. HAVARD ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff has worked for Defendant as a crane operator. Plaintiff routinely worked in excess of 40 hours per week but was not paid all of his overtime wages for doing so because Defendant paid Plaintiff monthly salary. The monthly salary contemplated a workweek of 40 hours, and

Plaintiff routinely worked over 80 hours in a week. Plaintiff averaged approximately 85 hours worked per week for Defendant. Defendant violated the FLSA by failing to pay Plaintiff one and one-half times his regular rate of pay for the hours worked in excess of 40 each week he worked for Defendant, as required by the FLSA.

## II. PARTIES

3. Ricky Havard is an individual who has been employed by Defendant within the meaning of the FLSA.

4. Plaintiff is a former crane operator for Defendant who was not paid proper overtime for the hours he worked.

5. Defendant Dynamic Downhole Services, LLC is a company that does business in Texas. Dynamic Downhole Services, LLC can be served with process through its registered agent, Barba Jesus, Jr. at 900 E. Lakeview Drive, McAllen, Texas 78501.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7. Venue is proper in the Eastern District of Texas because some of the events events forming the basis of the suit occurred in this District. Plaintiff's work took him to Western Louisiana most of the time. However, Defendant had a yard in Longview, Texas where Plaintiff would have to perform inspections and maintenance on the crane he operated, and the time spent doing this included overtime for which he was not paid. Additionally, Plaintiff's supervisor, Mark Davis, worked out of the Longview yard, and it was to Mr. Davis at the Longview yard where Plaintiff reported his hours from the jobs he performed.

## IV. COVERAGE

8. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendant provides oilfield services for customers in Texas and Louisiana, as well as other places.

14. Plaintiff Ricky Havard was employed by Defendant as a crane operator from October 1, 2008 through November 17, 2015.

15. Plaintiff was responsible for providing crane operating services to Defendant through the direct supervision and control by Defendant.

16. Plaintiff was paid $10,000.00 per month plus 3% of the amount of tickets that were created by virtue of the work he performed, until approximately four months prior to his employment ending, when his pay was reduced to $9,700.00 per month plus 3% of tickets.

17. Plaintiff worked an average of 84 hours per week.

18. Plaintiff routinely worked in excess of 40 hours per week and was deprived of overtime pay.

19. Plaintiff routinely worked in excess of 40 hours per week, but was not paid time-and-one-half their regular rates of pay for those hours because of Defendant's decision to not pay overtime.

20. Defendant was aware of its obligation to pay overtime to Plaintiff and failed to do so. Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

22. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff; and

    b.    For an Order awarding Plaintiff the costs of this action;

    c.    For an Order awarding Plaintiff attorneys' fees; and

    d.    For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Shane McGuire
Shane McGuire
State Bar No. 24055940
THE MCGUIRE FIRM, PC
102 N. College St., Suite 1030
Tyler, Texas 75702
903-630-7154
903-630-7173 fax
shane@mcguirefirm.com
**ATTORNEYS FOR PLAINTIFF**

/s/ Christopher C. Hughes
Christopher C. Hughes
Attorney at Law
Texas Bar No. 24074452
118 E. Hospital St., Suite 301
Nacogdoches, Texas 75961
Ph. 936-564-8785
Fax. 936-559-5000
chughes@chugheslaw.com